# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY BANKS,<br><br>            Petitioner,<br><br>      v.<br><br>STU SHERMAN,<br><br>            Respondent. | Case No. 1:20-cv-01225-DAD-EPG-HC<br><br>FINDINGS AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO DISMISS, DENY PETITIONER'S REQUEST TO DISREGARD MOTION TO DISMISS, AND DISMISS PETITION FOR WRIT OF HABEAS CORPUS<br><br>ORDER DENYING PETITIONER'S SECOND REQUEST FOR APPOINTMENT OF COUNSEL<br><br>(ECF Nos. 11, 19, 20) |

Petitioner Larry Banks is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. As the instant petition fails to state a cognizable federal habeas claim, the undersigned recommends dismissal of the petition.

**I.**

**BACKGROUND**

On September 23, 2009, Petitioner was convicted by a jury in the Fresno County Superior Court of first-degree murder. The jury found that Petitioner personally used a knife during the commission of the murder. On October 22, 2009, Petitioner was sentenced to life imprisonment. (LDs[1] 1, 2; ECF No. 1 at 1[2]). On March 17, 2011, the California Court of Appeal affirmed the

---

[1] "LD" refers to the documents lodged by Respondent on November 10, 2020. (ECF No. 13).
[2] Page numbers refer to ECF page numbers stamped at the top of the page.

judgment. (LD 2). On June 8, 2011, the California Supreme Court denied the petition for review. (LD 3).

On December 15, 2011, Petitioner filed a federal habeas petition, which was denied on the merits on October 30, 2013. (LDs 19–21). The Ninth Circuit affirmed the denial of habeas relief on February 22, 2016, and the Supreme Court denied the petition for writ of certiorari on October 3, 2016. (LDs 22–26).

Petitioner filed nine state post-conviction collateral actions challenging his conviction and sentence. (LDs 4–18). On August 26, 2019, the Fresno County Superior Court denied Petitioner's request for relief pursuant to Senate Bill 1437. (LD 13). On March 16, 2020, the California Court of Appeal, Fifth Appellate District affirmed the denial of relief. (LD 17). On June 10, 2020, the California Supreme Court denied the petition for review. (LD 18).

On August 31, 2020, Petitioner filed the petition for writ of habeas corpus that commenced the instant proceeding. Therein, Petitioner challenges on various grounds the state courts' denial of his petition for relief pursuant to Senate Bill 1437. (ECF No. 1). On November 10, 2020, Respondent filed a motion to dismiss the petition for failure to raise a federal question. (ECF No. 11). Petitioner filed an opposition, and Respondent filed a reply. (ECF Nos. 15, 16). On January 11, 2021, Petitioner filed a request to disregard the motion to dismiss, which essentially reiterates the arguments set forth in Petitioner's opposition. (ECF No. 19). That same day, Petitioner filed a second request for appointment of counsel. (ECF No. 20).

## II.

## DISCUSSION

### A. Cognizability of Claim in Federal Habeas Corpus

By statute, federal courts "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

Here, Petitioner challenges the state courts' denial of his petition for relief pursuant to Senate Bill 1437, which "amended the Penal Code to modify accomplice liability for murder and

the felony murder rule." People v. Gentile, 10 Cal. 5th 830, 841 (2020). "Specifically, Senate Bill 1437 'amend[ed] the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.'" Id. at 842 (citation omitted). "[I]n addition to amending the substantive law of murder, Senate Bill 1437 provided a procedure for defendants with eligible murder convictions to petition to have their convictions vacated through the trial court." Id. at 847. "Under [California Penal Code] section 1170.95, a defendant may petition to have his or her conviction vacated when, among other conditions, the following apply: 'The petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder' and '[t]he petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019.'" Gentile, 10 Cal. 5th at 847 (citations omitted).

Whether Petitioner is entitled to relief under Senate Bill 1437 is an issue of state law. Petitioner may not "transform a state-law issue into a federal one merely by asserting a violation of due process. We accept a state court's interpretation of state law, and alleged errors in the application of state law are not cognizable in federal habeas corpus." Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996) (citations omitted). Accord Estelle v. McGuire, 502 U.S. 62, 67–68 (1991) ("We have stated many times that 'federal habeas corpus relief does not lie for errors of state law.' Today, we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." (citations omitted)).

Accordingly, Petitioner's claims are not cognizable in federal habeas corpus and the petition should be dismissed.

**B. Appointment of Counsel**

On August 31, 2020, Petitioner filed his first motion for appointment of counsel. (ECF No. 3). Therein, Petitioner argued that counsel should be appointed because the issues in this case are complex, he has no legal education or experience, and his work hours prevent him from

fully utilizing the law library. On September 10, 2020, the Court denied the motion, finding that "Petitioner appears to have a sufficient grasp of his claims and the legal issues involved and that he is able to articulate those claims adequately" and that the "legal issues involved are not extremely complex, and Petitioner does not demonstrate a likelihood of success on the merits such that the interests of justice require the appointment of counsel at the present time." (ECF No. 9 at 2). However, the Court noted that "[i]f, upon review of Respondent's response to the petition, the Court finds that the legal issues are more complex than they appear currently, the Court will revisit Petitioner's request for counsel." (Id.). Petitioner now asks the Court to revisit his request for counsel. (ECF No. 20).

There currently exists no absolute right to appointment of counsel in habeas proceedings. See, e.g., Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986); Anderson v. Heinze, 258 F.2d 479, 481 (9th Cir. 1958). However, 18 U.S.C. § 3006A(a)(2)(B) authorizes the appointment of counsel at any stage of the proceeding for financially eligible persons if "the interests of justice so require." See Rule 8(c), Rules Governing Section 2254 Cases. To determine whether to appoint counsel, the "court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).

Upon review of the petition and the opposition to the motion dismiss, the Court finds that Petitioner appears to have a sufficient grasp of his claims and the legal issues involved and that he is able to articulate those claims adequately. As set forth above, Petitioner fails to state a cognizable federal habeas claim, and thus, Petitioner does not demonstrate a likelihood of success on the merits such that the interests of justice require the appointment of counsel.

### III.

### RECOMMENDATION & ORDER

Based on the foregoing, the undersigned HEREBY RECOMMENDS that:

1. Respondent's motion to dismiss (ECF No. 11) be GRANTED;
2. Petitioner's request to disregard the motion to dismiss (ECF No. 19) be DENIED; and
3. The petition for writ of habeas corpus be DISMISSED.

Further, the Court HEREBY ORDERS that Petitioner's request for appointment of counsel (ECF No. 20) is DENIED.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **March 4, 2021**                    /s/ Erica P. Grosjean
                                              UNITED STATES MAGISTRATE JUDGE