UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY BANKS,<br><br>    Petitioner,<br><br>    v.<br><br>STU SHERMAN,<br><br>    Respondent. | No. 1:20-cv-01225-DAD-EPG (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING PETITION FOR WRIT OF HABEAS CORPUS<br><br>(Doc. Nos. 11, 19, 22) |

Petitioner Larry Banks is a state prisoner proceeding *pro se* and *in forma pauperis* with a petitioner for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On March 4, 2021, the assigned magistrate judge issued findings and recommendations, recommending that the pending petition for federal habeas relief be dismissed for failure to state a cognizable claim for federal habeas relief. (Doc. No. 22.) Specifically, the magistrate judge concluded that because petitioner is seeking relief under California Senate Bill 1437[1], an issue

---

[1] On September 30, 2018, then California Governor Brown signed Senate Bill No. 1437, which amended California Penal Code §§ 188 and 189, and created Penal Code § 1170.95. The legislation limited accomplice liability in California for felony murder and murder under the natural and probable consequences theory, and provided a petition procedure through which qualifying defendants could seek to vacate their murder convictions and obtain resentencing. The amendments went into effect on January 1, 2019. *See* Cal. Const., art. IV, § 8, subd. (c).

1

involving only the interpretation of state law, petitioner has not stated a cognizable federal habeas claim because "'alleged errors in the application of state law are not cognizable in federal habeas corpus.'" (*Id.* at 3) (citing *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996)). These findings and recommendations were served on all parties and contained notice that any objections thereto were to be filed within thirty (30) days of service. (*Id.*) On April 1, 2021, petitioner timely filed objections. (Doc. No. 23.) Therein, petitioner's arguments focus solely on his alleged denial of relief under California Senate Bill 1437. Petitioner's objections do not address the fact that issues of state law are not cognizable in federal habeas and therefore fail to present a reason why this action should not be dismissed.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, including petitioner's objections, the court concludes that the findings and recommendations are supported by the record and proper analysis.

Having found that petitioner is not entitled to habeas relief, the court now turns to whether a certificate of appealability should issue. A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); 28 U.S.C. § 2253. The court should issue a certificate of appealability if "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)).

In the present case, the court finds that reasonable jurists would not find the court's determination that the petition should be dismissed debatable or wrong, or that petitioner should be allowed to proceed further. Therefore, the court declines to issue a certificate of appealability.

Accordingly,

1. The findings and recommendations issued on March 4, 2021 (Doc. No. 22) are adopted in full;

2

2. Respondent's motion to dismiss (Doc. No. 11) is granted;

3. Petitioner's request to disregard the motion to dismiss (Doc. No. 19) is denied;

4. The petition for writ of habeas corpus (Doc. No. 1) is dismissed;

5. The court declines to issue a certificate of appealability; and

6. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **May 4, 2021**

*/s/ Dale A. Drozd*
UNITED STATES DISTRICT JUDGE